# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM RANDOLPH GRAY, : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : <br> Chief ALVAREZ, Officer JOSH DONALDSON, : <br> and Officer SELLARS, : <br> : <br> Defendants. : <br> : | **7 : 13-CV-14 (HL)** |

## RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on October 24, 2012, raising allegations of excessive force during his August 5, 2012 arrest by City of Enigma, Georgia police officers.[1] Presently pending herein is a Motion for Summary Judgment filed on behalf of Defendant Alvarez, whose correct name is asserted to be "AREL VALDEZ". (Doc. 30). The Court notified the Plaintiff of the filing of the Defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 34). The Plaintiff has filed a response to Defendant Alvarez's Motion for Summary Judgment. (Doc. 38).[2]

## Background

Plaintiff's claims against Defendant Alvarez arise out of events occurring during his arrest in

---

[1] Although the Plaintiff references August 5, 2012 as the date of the occurrences underlying this lawsuit in his Recast Complaint, the Defendants maintain that the events took place on August 4, 2012.

[2] The Court notes that in his response the Plaintiff alleges he had not received Defendant Alvarez's Motion for Summary Judgment. However, Defendant Alvarez's amended certificate of service indicates service of the motion by mailing same through the U.S. Postal Service to the Plaintiff at his requested mailing address. (Doc. 33). Also, the Court granted Plaintiff an extension of time to file an additional response to Defendant Alvarez's Motion for Summary Judgment, but no such additional response was ever filed by Plaintiff.

August 2012 in Enigma, Georgia by officers of the Enigma, Georgia Police Department. In his Recast Complaint, the Plaintiff alleges that Chief Alvarez and other officers arrived at Plaintiff's house and knocked on his door. (Doc. 6). Plaintiff went to the bathroom, hoping the officers would leave, but the officers were allowed into the house by Plaintiff's mother. *Id.* Officers located the Plaintiff in the bathroom, and began to escort him out of the house. *Id.* Plaintiff maintains that Chief Alvarez then tazed him in the stomach. *Id.*

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and

affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3). Defendant Alvarez has supported his Motion for Summary Judgment with his affidavit.

### Analysis

In analyzing the Plaintiff's claims of excessive force, the Court "begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. . . . [A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard". *Graham v. Connor*, 490 U.S. 386, 388 (1989).[3] "The question to be decided is whether the officer's actions are objectively reasonable in light of the facts confronting the officer, regardless of the officer's underlying intent or motivation." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "Excessive force claims, like most other Fourth Amendment issues, are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2000). Application of the reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "*Graham*

---

[3]"Upon conviction, the source of the protection against deliberate force which is excessive and unjustified is the Eighth Amendment." *Id.*

3

dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002).

The Eleventh Circuit has recognized that an officer may use some degree of force in effectuating an arrest. *Durruhy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003). "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Moreover, "[i]t is well established in [the Eleventh Circuit] that where an arrest is supported by probable cause, the application of de minimis force as needed to effect the arrest, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Williams v. Sirmons*, 307 Fed.Appx. 354, 360 (11th Cir. 2009). "[T]he typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002).

In his affidavit, Defendant Alvarez states that he was familiar with the Plaintiff prior to the August 2012 arrest, as Plaintiff had been imprisoned as a habitual violator for driving under the influence of alcohol and had been treated for alcohol addiction. (Doc. 31-1, ¶ 6). According to Defendant Alvarez, he had "fielded multiple complaints and witnessed on my own Plaintiff's tendency toward boisterous, belligerent and violent behavior during times that Plaintiff had been drinking alcohol." *Id.* Plaintiff had been arrested by Enigma police officers on numerous occasions in the past on charges of public intoxication, obstruction, disorderly conduct, and battery/family violence. *Id.* at ¶ 7.

Defendant Alvarez was aware of an outstanding warrant for Plaintiff's arrest on the day in question, and located the Plaintiff at his house, where Plaintiff lived with his mother.  *Id.* at ¶¶ 8 – 12.  After obtaining the outstanding arrest warrant, Alvarez and two other officers traveled to the Plaintiff's house, where Plaintiff's mother eventually allowed the officers to enter the house.  *Id.* at ¶¶ 13-16.  Having been in the house on prior occasions in response to calls regarding Plaintiff's behavior, Defendant Alvarez "suspected that Plaintiff would be belligerent upon seeing me".  *Id.* at ¶ 17.  The officers found Plaintiff sitting on a tub in the master bathroom, at which point the Plaintiff "became belligerent" and told the officers they were wrong to arrest him.  *Id.* at ¶ 18.  Defendant Alvarez smelled a "strong odor of alcohol on or about Plaintiff".  *Id.*

Alvarez then

> [a]pproached Plaintiff and stated, "Randy, come on.  Let's go."  Immediately thereafter, Plaintiff stated that he wanted to put on some pants and shoes, and he attempted to walk away.  To deter any possible attempt to flee or resist, I replied to Plaintiff, "Randy, let's put some handcuffs on."
>
> I attempted to put handcuffs on Plaintiff; however, Plaintiff began to struggle with me and Plaintiff's struggle forcefully lead [sic] the officers and me into a laundry room of the house.  Plaintiff continued to struggle with me, and [the other officers] attempted to help.  Plaintiff continued to resist and the other officers and me [sic] were unable to place Plaintiff in handcuffs as he struggled with us.
>
> As Plaintiff continued to physically resist me and the other officers, I drew a TASER device with which I was equipped from its holster.
>
> I stated, "Randy, I'm going to taze you."  Plaintiff continued to combatively resist, and I stated again, "Randy, I'm going to taze you."  Plaintiff continued to combatively resist.  Thereafter, I performed a maneuver known as a "drive-stun", which is a technique of pressing a TASER device onto the body of an arrestee.  A drive-stun releases an electric current onto a subject; however, it is generally less effective to deter a subject because there is no

> constant contact as there is if a TASER cartridge and its two probes are deployed.
>
> After he was drive-stunned, Plaintiff continued to be combative with [the officers]. Plaintiff stated, "Do it again." Thereafter, I pulled the trigger of the TASER which deployed its two probes; however, only one of the probes made contact with Plaintiff and created contact with his skin near his left hip. The other probe missed Plaintiff and bounced onto the floor of the laundry room.
>
> Based on my training, education and experience, I know that a TASER device is not effective unless its probes produce a two-point contact on a subject. . . If, however, one of the probes falls to the floor, as in this case with Plaintiff, then no current of electricity is available to deter the subject.
>
> After the failed TASER attempt, Plaintiff continued to resist, but [an officer] was finally able [to] get Plaintiff handcuffed.
>
> Plaintiff was escorted into the yard outside his house in an effort to [] place him into [a] patrol vehicle. Before making it to the patrol vehicle, Plaintiff dropped to the ground and stated, "To hell with y'all, y'all are going to carry me."

*Id.* at ¶¶ 19-26.

In reviewing the Defendant's Motion for Summary Judgment, the Court views the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff. *Lee*, 284 F.3d at 1197. Given the facts as set out by the Plaintiff and facing Defendant Alvarez at the time of Plaintiff's arrest, the force allegedly used by Defendant Alvarez in tasing the Plaintiff two (2) times cannot be said to have been unreasonable when analyzed under *Graham* and its progeny. The Court notes that Plaintiff's arrest was based on probable cause, as evidenced by an arrest warrant, and thus some level of force was authorized in arresting the Plaintiff. (Doc 31-1, ¶ 8); *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (arrests supported by probable cause distinguished from arrests without probable cause, in which any use of force is inappropriate); *Williams*, 307 Fed.Appx. at

354 (probable cause in making arrest allowed for use of some force).

In regard to whether the Plaintiff resisted arrest or attempted to flee, Plaintiff states in his Recast Complaint that when the officers arrived, he "went to the bathroom hoping they would leave". (Doc. 6, ¶ 13). Moreover, Plaintiff does not dispute the affidavit testimony of Defendant Alvarez that Plaintiff resisted the arrest, both verbally and physically, even after the handcuffs were placed on him. Although Plaintiff states in his Recast Complaint that Defendant Alvarez tased him as Plaintiff was led out of the house, Plaintiff does not refute the testimony that he resisted efforts to handcuff him and remove him from the house. (Doc. 6). In regard to the severity of the crime, Defendant Alvarez has testified to Plaintiff's prior arrests for obstruction, battery, and disorderly conduct, and Plaintiff states in his Complaint that he was convicted of a probation violation for a "hit and run". (Doc. 31-1, ¶ 7; Doc. 6, ¶ 3).

"[W]ithin the Eleventh Circuit the use of a TASER is not alone evidence of excessive force." *Ainsworth v. Inabinett*, 2006 WL 2709850 (M.D.Ala. Sept. 20, 2006), *citing Draper v. Reynolds*, 369 F.3d 1270 (11th Cir. 2004). The unrefuted testimony of Defendant Alvarez establishes that the first use of the TASER was only in a less effective mode with no constant contact, and the second use of the TASER resulted in only one probe making contact with the Plaintiff and no current of electricity being delivered. Although the Plaintiff alleges that he suffered "severe pain and burns", he does not provide any detail or evidence of injury beyond this allegation. (Doc. 6, ¶ 13).

The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain and rapidly evolving - about the amount of force that is necessary in a particular situation." *Graham*,

490 U.S. at 396-97.  Under Plaintiff's version of the facts, no reasonable juror could conclude that the force used was unreasonable, due to Plaintiff's attempts to evade, his continued resistance to the control of the arresting officers, and the severity of the Plaintiff's crimes and actions.  *See Draper*, 369 F.3d at 1270 (single Taser shock against hostile suspect that did not cause any serious injury was reasonable use of force); *Ainsworth*, 2006 WL 2709850 at *6 (use of TASER against combative mentally ill Plaintiff was not excessive force, when use of force was balanced against officers' prior attempts to reason with and restrain Plaintiff, their warnings before use of the TASER, and lack of serious injury to the Plaintiff); *cf. Oliver v. Fioriono*, 586 F.3d 898 (11th Cir. 2009) (use of Taser repeatedly against individual not accused of any crime, who posed no immediate threat of grave danger, and was largely compliant and cooperative was unreasonable).

As in *Vicks v. Knight*, 380 Fed.Appx. 847, 852 (11th Cir. 2010), where the plaintiff presented no evidence of excessive force beyond his own affidavit, Plaintiff Gray has presented no evidence beyond the bare assertions of his Complaint to establish an excessive use of force. *See also Smith v. Sec'y., Dep't. of Corrections*, 2013 WL 3838090 (11th Cir. July 26, 2013) (defendants entitled to summary judgment on excessive force claim; prisoner did not rebut defendants' summary judgment showing by designation of specific facts beyond the pleadings; record supported finding that prisoner suffered only minor swelling as a result of alleged use of force).  *Cf. Logan v. Smith*, 439 Fed.Appx. 798 (11th Cir. 2011) (entry of summary judgment not appropriate in excessive force case wherein evidence suggested some level of injury to the plaintiff, no reliable medical evaluation had been conducted, and Plaintiff presented his own affidavit and affidavits of other individuals testifying to use of force).   Here, "[Plaintiff's] version of events . . . was contradicted by all of the relevant evidence, with the exception of his own [statement of claim in the Complaint]

8

. . . and thus [a reasonable jury] could not reasonably infer that [Defendant Alvarez] used anything more than a *de minimis* amount of force against [the Plaintiff]." *Vicks*, 380 Fed.Appx. at 852.

## Conclusion

Inasmuch as the Plaintiff has failed to sufficiently rebut Defendant Alvarez's summary judgment showing regarding Plaintiff's excessive force claims, it is the recommendation of the undersigned that Defendant Alvarez's Motion for Summary Judgment be **GRANTED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 31st day of January, 2014.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb