IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIAM RANDOLPH GRAY,  :
:
    Plaintiff,  :
:
VS.  :
:   **7 : 13-CV-14 (HL)**
:
Officer JOSH DONALDSON,  :
and TOMMY SELLARS,  :
:
    Defendants.  :
:

**RECOMMENDATION**

The Plaintiff filed this action pursuant to 42 U.S.C. §1983 on October 24, 2012, raising allegations of excessive force during his August 5, 2012 arrest by City of Enigma, Georgia police officers.[1] Presently pending herein is a Motion for Summary Judgment filed on behalf of Defendants Donaldson and Sellars. (Doc. 51). The Court notified the Plaintiff of the filing of the Defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 54). The Plaintiff has not responded to the Defendants' Motion for Summary Judgment.

**Background**

Plaintiff's claims against Defendants Donaldson and Sellars arise out of events occurring after his arrest in August 2012 in Enigma, Georgia by officers of the Enigma, Georgia Police Department. In his Recast Complaint, the Plaintiff alleges that Chief Alvarez and other officers arrived at Plaintiff's house and ultimately arrested Plaintiff, then transported him to the Berrien

---

[1] Although the Plaintiff references August 5, 2012 as the date of the occurrences underlying this lawsuit in his Recast Complaint, the Defendants maintain that the events took place on August 4, 2012.

County Jail. (Doc. 6). Plaintiff alleges that he was then handcuffed to a wheelchair at the jail, and that Defendant Sellars pulled the chair back, while Defendant Donaldson choked Plaintiff by squeezing his neck. *Id.*

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the parties moving for summary judgment, the Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant

summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3). Defendants Donaldson and Sellars have supported their Motion for Summary Judgment with the affidavit of Major Ray Paulk, a shift commander at the Berrien County Jail, and the affidavit and documentation filed in support of former Defendant Alvarez's Motion for Summary Judgment. (Docs. 51, 30-32).

## Discussion

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)), *abrogated on*

*other grounds by Graham v. Connor*, 490 U.S. 386 (1989).

To establish a claim for excessive force, the Plaintiff must show that (1) the Defendant acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted. *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). The Supreme Court has clarified that "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). In considering whether a jailer's use of force was excessive, the Eleventh Circuit considers the following specific factors: "(1) the need for the force; (2) the relationship between that need and the amount of force used; (3) the extent of the resulting injury; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

*Defendant Sellars*

In his affidavit, Major Ray Paulk testifies that he was Tommy Sellars' shift commander on August 4, 2012, and that Sellars was not on duty at the time the Plaintiff was transported to the jail, and therefore would not have had any interaction with the Plaintiff. (Doc. 51-3, ¶¶3-5). The

Plaintiff has not refuted Major Paulk's statements. Accordingly, Defendant Sellars is entitled to the entry of judgment in his favor. *See Vinson v. Clark County, Ala.*, 10 F.Supp.2d 1282, 1289 (S.D.Ala., 1998) (sheriff who was not present at the jail at the time of inmate's death could not be held liable for any deliberate indifference).

*Defendant Donaldson*

In attempting to establish his entitlement to summary judgment, Defendant Donaldson relies solely on the documentation and affidavit supporting former Defendant Alvarez's summary judgment motion. In his affidavit, Defendant Alvarez states that he was familiar with the Plaintiff prior to the August 2012 arrest, as Plaintiff had been imprisoned as a habitual violator for driving under the influence of alcohol and had been treated for alcohol addiction. (Doc. 31-1, ¶ 6). Defendant Alvarez and other officers at the scene struggled with the Plaintiff, tasing him at least once, but ultimately handcuffed Plaintiff and escorted him to a patrol car. Alvarez's testimony, and the evidence before the Court from the Defendants, ends at this point.

In reviewing the Defendants' Motion for Summary Judgment, the Court views the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff. *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Viewed most favorably to the Plaintiff, the facts and reasonable inferences show that upon his arrival at the Berrien County Jail on August 5, 2012, the Plaintiff was handcuffed to a wheelchair and "choked" by Defendant Donaldson, who squeezed Plaintiff around his neck. (Doc. 6). Although Defendant Donaldson asserts in his brief in support of his summary judgment motion that the Plaintiff was intoxicated and agitated at the time he was processed into the jail and that Defendant Donaldson reasonably perceived that the Plaintiff posed a serious threat of injury to himself or other jail personnel, there is no support for these statements

in the record.   Such unsupported statements by an attorney in a brief are not evidence.   *INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009); *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("it is universally known that statements of attorneys are not evidence").   Furthermore, "[s]elf-serving statements of fact in a party's brief, not in proper affidavit form, may not be considered in determining if a genuine issue of material fact exists."   *Soles v. Board of Comm'rs. of Johnson County, Georgia*, 746 F.Supp. 106, 110 (S.D.Ga., 1990).   Defendant Donaldson has thus failed to "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law", by reference to any part of the record.   Fed.R.Civ.P. 56(a).

## Conclusion

Inasmuch as the Plaintiff has failed to rebut Defendant Sellars' summary judgment showing that he was not present at the Berrien County Jail on the day in question, it is the recommendation of the undersigned that Defendants Donaldson and Sellars' Motion for Summary Judgment as it pertains to Defendant Sellars be **GRANTED.**   It is further recommended that this Motion for Summary Judgment be **DENIED** as it pertains to Defendant Donaldson.   Thus, it is the recommendation of the undersigned that Defendants Donaldson and Sellars' Motion for Summary Judgment be **GRANTED IN PART** (as to Defendant Sellars) and **DENIED IN PART** (as to Defendant Donaldson).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 20th day of May, 2014.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb