# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**WILLIAM RANDOLPH GRAY**,

    Plaintiff,

v.

**OFFICER JOSH DONALDSON**,

    Defendant.

Civil Action No. 7:13-CV-14 (HL)

## ORDER

This case is before the Court on Defendant's Motion for Reconsideration. (Doc. 59). On May 20, 2014, United States Magistrate Judge Thomas Q. Langstaff entered a Recommendation granting in part and denying in part the Motion for Summary Judgment filed by Defendant Josh Donaldson ("Defendant") and his prior co-Defendant Tommy Sellars. (Doc. 55). Finding that the self-serving statements contained in Defendant's brief without any evidentiary support failed to demonstrate that there is no genuine issue of material fact, Judge Langstaff recommended that summary judgment as to Defendant be denied. Defendant filed no objections to the Recommendation. This Court subsequently entered an Order June 18, 2014, adopting the Recommendation. (Doc. 56). Defendant now moves for reconsideration of the order denying his motion for summary judgment.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration generally will only be granted when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error of manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)). When a party "believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order." M.D.Ga. L.R. 7.6.

As a threshold issue, Defendant's motion is untimely. The Court entered the order from which Defendant seeks relief on June 18, 2014. Defendant waited just short of six months to file his motion for reconsideration. Further, Defendant provides no basis under which the Court may grant his request and points to no manifest error in the Court's prior ruling. Rather, Defendant seeks only to incorporate the contents of an affidavit that Defendant should have submitted along with his motion for summary judgment. A motion for reconsideration is not

2

an appropriate tool to supplement the record with arguments Defendant should have raised months ago. Defendant's motion is accordingly denied.

    **SO ORDERED**, this 17th day of December, 2014.

                                                *s/ Hugh Lawson*
                                                **HUGH LAWSON, SENIOR JUDGE**

aks